Stewart, J.
The first point made in the case is as to the sustaining of tlm demurrer to the counterclaim set up in the answer. It is claimed in support of the judgment of the éourt below that the matter therein set up does not constitute a counterclaim within the definition given in Rev. Stat. sec. 5072, which reads as follows:
“ The counter-claim * * * must be one existing in favor of a defendant, and against a plaintiff, between whom a several judgment might be had in the action, and arising out of the contract or transaction set forth in the petition as the-foundation of the plaintiff's claim, or connected with the subject of the action.”
One of the requisites of a valid counter-claim is that it must contain such facts as are recognized by courts of law or equity as constituting an existing cause of action, and which would have entitled the defendant to a judgment or decree in a separate action. Hill v. Butler, 6 Ohio St. 207. The other is that it must arise “ out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim, or be connected with the subject of the action.” No claim is made but what the facts stated in this answer conform in every respect to the first of these requisites.
There are authorities to be found in other states which hold *53 ■that the claim made by the defendant in this action fails to fulfill the other requisite of a counter-claim, and therefore furnish authority for the judgment of the court below. While these authorities are persuasive, they should not be allowed to control, even in the absence of a decision upon this precise question by our courts, if they seem to contravene the spirit of the code, and are at variance with the recorded opinions of eminent jurists in our own state.
Before calling attention to their opinions, an analysis of this section of the statute will show that they are founded, we think, in the better reason. It is evident that there are three different subjects embraced in its terms. 1. Cases in which the cause of action alleged as a counter-claim arises out of the contract set forth in the petition. 2. Those cases in which it arises out of the transaction set forth in the petition. 3. Those cases in which it is connected with the subject of the action. Pomeroy’s Rem. & Rem. Rights, sec. 768.
The same author says in sec. 769 : “ The difficulty in arriving at the true interpretation of the term “transaction” lies in the fact that it had no strict legal meaning before it was used in the statute. Being placed in immediate connection with the word “ contract,” and separated therefrom by the disjunctive “ oi’,” one conclusion is certain at "all events, namely : thatthe legislature intended by it something different from and in addition to “ contract.” The most familiar rules of textual interpretation are violated by the assumption that no such signification was intended.”
It would seem hardly necessary to cite authorites to support such a plain interpretation of this statute; but Mr. Pomeroy devotes many pages. to establish what to us is self-evident, and says that he is required to do so, because some courts have taken such a narrow view of this statute as to hold the words “ contract ” and “ transaction” to be synonymous.
Where words are used in a statute which have acquired a-fixed legal significance, the legal presumption is that the legislature meant to use them in this legal sense. Turney v. *54 Yeoman, 14 Ohio, 207, 218; Grogan v. Garrison, 27 Ohio-St. 50, 63.
But where the words used have no such “ fixed legal signicance ” the legislative intent can only be arrived at by giving to them their ordinary, and natural import, and in this way make their meaning consistent with the common sense of the community at large. Allen v. Little, 5 Ohio, 65, 71; State v. Peck, 25 Ohio St. 26.
A “transaction” is defined by Webster, “that which is done”; “an affair.” Thus, any primary right of the defendant which is violated in “ that which is done,” or “ the affair ” set forth in the plaintiff’s petition, or connected with it., is, if we give the ordinary meaning to the words of the statute, a proper matter of counter-claim. . '
In the state of New York the strict construction has been been given to the words of the statute, and it was held in the case of Schnaderbeck v. Worth, 8 Abb. 37, that in an action for assault the defendant, could not, by way of counter-claim, allege an assault by the plaintiff on the defendant at the same time and growing out of same quarrel.” That this is not the law of Ohio is apparent from what is said by Minshall, J., in the case of Barholt v. Wright, 45 Ohio St. 177. This was-an action for damages for ari assault and battery, and it was. claimed as a defense to the action, that the plaintiff and defendant had fought by agreement, and the injuries were received during that fight. The court held that these facts did not constitute a defense; but at page 181 of the opinion it is said : “ It would seem that under the code the right of each combatant to damages might be determined and measured in the same action” — exactly the contrary of the holding in SehnaderbeeJc v. Worth, supra. Judge J. R. Swan in his-Pleadings and Precedents, which he says was written “to enforce and illustrate the difference between common law pleading and pleading under the codo, a difference radical and irreconcilable frequently overlooked — some times perversely disregarded,” says in a note under sec. 94 of the Code (now *55 Revised Statutes, sec. 5072): “ No doubt, it is contrary to all the rules of the common law, that a jury should adjust the damages between two parties who have been guilty of assaulting each other at the same time ; and yet it is precisely what should in justice be done; and where the plaintiff sues for an assault, and the defendant at the same time and in the same quarrel, was assaulted by the plaintiff, the two causes of action are so connected together as to come directly within the counter-claim provisions of the code. * * * * * The object of the code was to settle, as far as practicable, all controversies between parties, as is manifest in its rules as to joinder of causes of action, as to judgments between parties to actions, and in its allowance of a cross or counter-claim in causes of action arising as well in contract as any transaction, provided the counter-claim was connected with the subject of the action. The tastes of common law pleaders should not be permitted to interfere with these salutary provisions of the code. They have their limitations and restrictions, which are to be found in the code, and not elsewhere. The application to counterclaims of the rules of the common law relating to defenses is impossible, because a counter-claim itself not only introduces for trial a second cause of action, but that cause of action is confessedly no direct answer, in fact or law, to the claim of the plaintiff. Two independent issues and causes of action may thus be introduced for trial. The common law did not tolerate such a procedure, and has no rule in relation to it, but that of condemning it, and pronouncing it, as pleading, absurd. * * * But absurd as the code counter-claim must be admitted to be, when tested by the rules of common lawpleading, it would be still more absurd to restrict and limit it by the application of those rules. The code has allowed twó causes of action existing between parties arising out of a contract or transaction between them, to be pleaded and tried in one action. The code does not limit this mode of adjusting two such causes of action to liquidated claims or to contracts. The ground upon which a limitation can be introduced is not found in the code, but *56 must be sought in the abrogated rules of common law pleading, relating to single issues and defenses, and the requisites of 'pleas in bar. Thus, A. says to B., you are a thief; and B. as an answer to the slander, gives A. a blow. Now, if A. sues B. for the assault and battery, may B. counter-claim the slander? * * * * * In my opinion the code allows a counterclaim in such and like cases. In principle, there is no difference between allowing fraudulent representations upon a sale of property being counter-claimed, and a tort arising out of another tort. Both are counter-claims for uncertain damages, and arising out of the subject-matter of the action.” Swan’s Pl. and Pr., p. 259 n (a).
Wo have quoted thus fully from Judge Swan’s opinion, because it shows why there has been a difference in the holdings of courts in construing -the law in states which have similar provisions, and because looking to the purpose and object of adopting the code system of pleading, we think his reasoning unanswerable, and his conclusion inevitable.
Following, then, what we think the better reasoning, it seems to us that the court below erred in sustaining the demurrer to this counter-claim, and that for reason the judgment ought to be reversed.
The other error alleged is in the charge and the refusal to charge as requested. In this regard we find no error in the record. It is admitted by counsel for plaintiff in error, that the charge of the court would have been correct if it had said that the matters alleged could not be considered in mitigation of “actual'” damages, but that the error of the court was in the use of the word “ compensatory.”
An examination of the charge as given shows that tlie court used the words “ compensatory ” and “ actual,” as synonymous, and in this the court was right. It is true that at one time the Supreme Court of Wisconsin held that, in-an action for a tort, there were three kinds of damages, actual, compensatory and exemplary. But that is not the law now in Wisconsin, and never was anywhere else so far as we have been able to find.
Sater & Robeson, for plaintiff in error.
Anderson <fe Bowman, for defendant in error.
Compensatory damages are defined as such damages as •measure the actual loss, and are allowed as amends therefor.
Exemplary, punitive or vindictive damages, such as are in excess of the actual loss, and allowed in theory where a tort is aggravated by evil motive. Compensatory damages are all damages other than exemplary or punitive damages. Anderson’s Law Dict. “ Damages; ” Century Dict, same; 1 Sutherland on Damages, p. 17.
In the case of Smith v. R. R. Co., 23 Ohio St. 10, McIlvaine, J., at p. 18 says : “ It is true, the law does not profess to compensate for remote and possible injuries resulting from the act of a wrong doer, but it does px’ofess to make the injured party whole, by compensating him, in damages, for all the natural, necessary and probable injuries resulting therefroxn ; and that too, without respect to the motives which influenced the wrongful act. And this upon the plainest principles of justice ; fox1, as between innocent parties, if an injuiy must be sustained, he who caused the injuiy should bear its consequences. This process of reasoning brings us to the inevitable •conclusion, that injuries to the person, whether they consist' of mental or physical pain, as well as loss of time or property, which naturally and necessarily result from the wrongful and deliberate act of the defendant, ax’e proper subjects Tor the consideration of the jury in their estimate of compensatory •damages.”
This language of the learned justice shows clearly that in ■actions for damages for a tort, the damages recoverable are of two kinds only, compensatoxy and punitive, and that such damages must and do fall within one or the other of these •classes.
For error in sustaining the demurrer to the defendant’s counter-claim the judgment will be revex'sed.